**Opinion issued July 26, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00939-CR

———————————

**JOSEPH MIRANDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1305402**

## MEMORANDUM OPINION

Appellant Joseph Miranda pleaded guilty to the offense of aggravated robbery of a person over the age of 65 or disabled, pursuant to an agreed recommendation by the State as to punishment. The trial court found appellant guilty and, in accordance with the terms of appellant's plea agreement with the

State, sentenced appellant to confinement for six years. Appellant filed a pro se notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification, which is included in the record on appeal, states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The only matter appellant raised by written motion before trial was for the appointment of an investigator, which the trial court granted, and appellant did not get the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).